IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSIE WILLIAMS,

                Plaintiff,

v.

JEFF GARBELMAN,

                Defendant.

OPINION & ORDER

17-cv-612-jdp

---

Plaintiff Jessie Williams, a prisoner at the Dodge Correctional Institution, has submitted a proposed civil complaint under 42 U.S.C. § 1983 alleging that defendant Jeff Garbelman, a doctor at the Waupun Correctional Institution, failed to treat his medical problems. Williams seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g),[1] which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

I conclude that Williams fails to show that he is in imminent danger of serious physical injury, because he brings claims for *past* harm against the doctor at his previous facility. Williams says that Garbelman failed to treat him at the Waupun Correctional Institution, but that he is currently housed at the Dodge Correctional Institution. A search of the Wisconsin

---

[1] At least three previous times, Williams has filed a lawsuit that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Williams v. Meil*, 13-cv-290-bbc (W.D. Wis. Aug. 18, 2013); *Williams v. Staniec*, 12-cv-691-bbc (W.D. Wis. Oct. 26, 2012); and *Williams v. Garbleman*, No. 11-cv-1033-rtr (E.D. Wis. Jan. 23, 2012).

Department of Corrections' inmate locator website[2] shows that Williams has been at Dodge since November 2015. Because Williams does not qualify for indigent status under § 1915(g), he cannot bring this lawsuit unless he prepays the entire $400 filing fee for this case. I will give him a short time to pay that fee. If he does not pay the fee, the case will be dismissed.

If Williams decides to continue on with this case by paying the $400 fee up front, he will also have to submit an amended complaint, because his current allegations do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Williams does not explain what medical problems he suffers from, which is important in understanding whether Garbelman's denial of treatment violated the Eighth Amendment. Williams should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain what medical problems he has, how and when he asked Garbelman for treatment, and how Garbelman responded.

ORDER

IT IS ORDERED that:

1. Plaintiff Jessie Williams's motion for leave to proceed *in forma pauperis* in this action, Dkt. 2, is DENIED without prejudice because plaintiff's allegations do not qualify under the imminent danger exception to 28 U.S.C. § 1915(g).

2. Plaintiff's complaint is DISMISSED without prejudice under Fed. R. Civ. P. 8.

---

[2] https://offender.doc.state.wi.us/lop/home.do.

3. Plaintiff may have until November 30, 2017, to pay the entire $400 filing fee for this case and amend his complaint to provide a plain statement of his claims.

Entered November 9, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge